IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| HEIDI BROWN and HEIDI BROWN, as Parent and Next Friend of TREVOR RHINER, Individually, and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>DR. PAUL KERKHOFF; KERKHOFF CHIRO-PRACTIC; THE MASTERS CIRCLE; DR. LARRY MARKSON; DR. BOB HOFFMAN; DR. DENNIS PERMAN; and JOHN DOES,<br><br>    Defendants. | No. 4:06-cv-00342-JEG<br><br>**O R D E R** |

This matter comes before the Court on Defendants' Motion to Adopt (Clerk's No. 6). Plaintiffs are represented by Kimberly K. Baer, and Defendants are represented by James H. Gilliam, Mary M. Brockington, and Sean P. Moore. No party has requested hearing, and the Court concludes a hearing is unnecessary in resolving the pending motion. This matter is fully submitted and is ready for disposition.

**I.    Procedural History.**

The genesis of this litigation rests in chiropractic care provided in 2001 and 2002 by Defendant Dr. Paul Kerkhoff at his Waukee, Iowa, clinic to Plaintiff Trevor Rhiner, a minor. After seeking and receiving treatment by Dr. Kerkhoff, Rhiner's symptoms subsided; but when Dr. Kerkhoff recommended additional treatment, Rhiner's mother, Plaintiff Heidi Brown, sought a second opinion from an orthopedic surgeon. The orthopedic surgeon believed Rhiner's condition was not as severe as Dr. Kerkhoff had diagnosed, that further chiropractic care was unnecessary, and that some treatment administered by Dr. Kerkhoff may have been harmful. Plaintiffs brought a medical malpractice action against Kerkhoff in the Iowa District Court for Dallas County (the "state court"). During discovery, Plaintiffs' counsel noted Dr. Kerkhoff belonged to

Defendant The Masters Circle, Inc., a professional organization of chiropractors, which allegedly conspired to use treatment tactics Plaintiffs describe as unethical and unlawful.

Plaintiffs dismissed their malpractice action and, on February 17, 2005, filed a two-count Petition and National Class Action (the "Petition") in state court against five Defendants – Dr. Kerkhoff, Dr. Lawrence Markson, Dr. Robert Hoffman, Kerkhoff Chiropractic, and The Masters Circle (the "Original Defendants"). On February 22, 2005, Plaintiffs filed a First Amended Petition and National Class Action ("First Amended Petition"), which added parties (the "Added Defendants") and richer factual allegations, and substituted the original causes of action for breach of fiduciary duty, unjust enrichment, civil conspiracy, and ongoing criminal conduct claims.

On May 16, 2005, the Added Defendants removed the case to this Court. On June 13, 2005, Plaintiffs filed a motion to remand, and Defendants filed motions to dismiss for lack of personal jurisdiction and for failure to state a claim upon which relief could be granted. On June 22, 2005, Plaintiffs voluntarily dismissed the Added Defendants without prejudice. Plaintiffs filed a motion seeking leave to file a Second Amended Petition and National Class Action ("Second Amended Petition") in this Court on August 4, 2005, wishing to add a named plaintiff and additional factual allegations. This Court heard oral argument on all four motions on September 13, 2005, and on October 19, 2005, granted Plaintiffs' motion to remand. See Brown v. Kerkhoff, No. 4:05-cv-00274-JEG, 2005 WL 2671529, at *17-*18 (S.D. Iowa Oct. 19, 2005). The Court did not rule on the other pending motions. See id. at *18.

Following remand, Defendants renewed their motions to dismiss, and Plaintiffs renewed their motion seeking leave to amend their petition. On March 27, 2006, Plaintiffs filed a motion seeking leave to file a Revised Second Amended Petition and National Class Action ("Revised Second Amended Petition"). Among other things, Plaintiffs wished to expand the proposed class to include patients treated by chiropractors having membership in not only The Masters Circle,

2

but also its alleged predecessor, The Masters, LLC.  Defendants resisted expanding the class, arguing the new definition would trigger removal under provisions of the Class Action Fairness Act of 2005.  See Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).

The state court was to hear oral argument on the four pending motions – Defendants' two motions to dismiss and Plaintiffs' motions seeking leave to file their Second Amended Petition and Revised Second Amended Petition – on April 25, 2006.  At the hearing, Plaintiffs withdrew their motion seeking leave to file the Revised Second Amended Petition:

> MS. BAER:  One thing, Your Honor, I believe we, the plaintiffs, would like to withdraw our motion to file the revised second amended petition, Your Honor, the purpose of that revised second amended petition was to amend the class definition. . . .  [W]e do not think that is necessary at this point.  However, we are still going forward with our renewed motion to – for permission to file our second amended petition.

Hr'g Tr. Excerpt 3:21-4:5, Apr. 25, 2006 (emphasis added).  As Plaintiffs' counsel's comments relay, Plaintiffs' motion seeking leave to file their Second Amended Petition was still pending. Plaintiffs contend they requested the state court grant them leave to amend their pleadings if the court found deficiencies therein during consideration of Defendants' motions to dismiss.

In an order dated June 15, 2006, the state court granted Defendants' motion to dismiss for lack of personal jurisdiction and dismissed all claims brought by Brown and Rhiner against The Masters Circle and Drs. Markson, Hoffman, and Perman (the "Masters Circle Defendants").  See Brown v. Kerkhoff, No. LACV 032346, slip op. at 5-8 (Iowa Dist. Ct. June 15, 2006).  The court also granted in part Plaintiffs' motion for leave to file an amended petition, concluding "[P]laintiffs should be allowed to file their Revised Second Amended Petition as submitted," but could not bring their "claim against [D]efendants Masters Circle, Markson, Perman, and Hoffman based on breach of fiduciary duty."  Id. at 19 (emphasis added).

The court's directive that Plaintiffs file the Revised Second Amended Petition – instead of the Second Amended Petition – was apparently an error in light of Plaintiffs' withdrawal of their motion seeking leave to file the Revised Second Amended Petition at the April 25 hearing. It is unlikely the court made a typographical error: the caption of the court's order specifically refers to Plaintiffs' motion seeking leave to file the Revised Second Amended Petition, and in the body of the order, the court indicated the April 25 hearing addressed "[P]laintiffs' Motion for Leave to File a Revised Second Amended Petition." Id. at 1.  Despite the state court's apparent error, on June 20, 2006, Plaintiffs filed a document labeled "Second Amended Petition and National Class Action," which was in fact a version of the Revised Second Amended Petition. Plaintiffs omitted, as ordered, their breach of fiduciary duty claim against the Masters Circle Defendants.  However, Plaintiffs expanded the proposed plaintiffs' class to include patients "treated by chiropractors who have been or are members of The Masters LLC or The Masters Circle."  Second Am. Pet. ¶ 20(1).[1]

Also on June 20, Plaintiffs filed a motion under Iowa Rule of Civil Procedure 1.904[2] to enlarge or amend the state court's June 15 order to include a ruling on their request for leave to amend their pleadings to correct deficiencies the state court uncovered as part of its consideration of Defendants' motions to dismiss.  In the same motion, Plaintiffs requested leave to file a Third Amended Petition and National Class Action ("Third Amended Petition"), which,

---

[1] Citations are to the Second Amended Petition Plaintiffs filed on June 20, 2006, appearing as docket entry 24 in the parties' removal papers.

[2] Under Iowa Rule of Civil Procedure 1.904(1), a court trying an issue of fact without a jury must set forth factual findings, conclusion of law, and a judgment in writing.  See Iowa R. Civ. P. 1.904(1).  Those "findings and conclusions may be enlarged or amended and the judgment or decree modified accordingly or a different judgment or decree substituted."  Id. R. 1.904(2).

according to Plaintiffs, added material curing the deficiencies leading the state court to grant Defendants' motion to dismiss.

Defendants filed a motion under Rule 1.904 of their own, pointing out Plaintiffs had withdrawn their motion seeking to file the Revised Second Amended Petition.

Claiming the existence of subject matter jurisdiction based on the Class Action Fairness Act, Defendants removed the action to this Court on July 21, 2006.  Under Local Rule 81.1, Defendants were required to list "all matters pending in the state court that will require resolution by this court."  LR 81.1(a)(2) (2006).  Defendants identified four matters:  Defendants' motions to dismiss for lack of personal jurisdiction and failure to state a claim upon which relief could be granted, and Defendants' and Plaintiffs' Rule 1.904 motions.  On July 24, 2006, after removal had been effected, the state court issued a ruling on both Rule 1.904 motions (the "Rule 1.904 Order").  The pending motion requests that this Court adopt that ruling.

## II.     Discussion.

Defendants argue that because

> the Iowa District Court heard and issued a ruling on the original Motion to Dismiss and Motion for Leave to File and [sic] Amended Petition, and given that the Rule 1.904 motions were filed to clarify the Iowa District Court's original ruling, this Court should adopt the Iowa District Court's [r]uling on the Rule 1.904 motions since the Iowa District Court was most familiar with matters addressed in the motion and it would be a waste of judicial resources for this Court to revisit [the state court]'s ruling.

Def.'s Mot. to Adopt ¶ 4.  Plaintiffs' response is twofold.  First, Plaintiffs argue the Court should not adopt the state court's Rule 1.904 Order because "the state court's conclusion that leave to amend should be denied was in error."  Pl.s' Resistance to Mot. to Adopt, at 4.  Second, Plaintiffs argue the Court should grant their Rule 1.904 motion by granting them leave to amend their pleadings.

5

**A. Legal Effect of the State Court's Rule 1.904 Order.**

The parties appear to agree that the Rule 1.904 Order was filed after the notice of removal was filed in state court. See Anthony v. Runyon, 76 F.3d 210, 213-14 (8th Cir. 1996) (holding that removal is complete upon filing notice of removal in state court, not when notice of removal is filed in federal court). Because neither party points to defects in the removal process itself, the Rule 1.904 Order is a legal nullity. 28 U.S.C. § 1446(d) (after notice of removal is filed with the clerk of the state court, "the State court shall proceed no further unless and until the case is remanded"); see Ward v. Resolution Trust Corp., 972 F.2d 196, 198 (8th Cir. 1992); see also Polito v. Molasky, 123 F.2d 258, 260 (8th Cir. 1941) (discussing predecessor rule); Donovan v. Wells, Fargo & Co., 169 F. 363, 366 (8th Cir. 1909) (same); cf. Meredith v. Van Oosterhout, 286 F.2d 216, 219 (8th Cir. 1960) (post-removal state court filings classified as "futile and useless").

Defendants offer two reasons the Court should adopt the Rule 1.904 Order. First, they argue the state court was more familiar with the issues presented. Second, and relatedly, they argue it would be a waste of judicial resources to revisit the conclusions made therein. While conservation of judicial resources is certainly a concern in some circumstances, see, e.g., Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817-19 (1976); Lakin v. Prudential Secs., Inc., 348 F.3d 704, 713-14 (8th Cir. 2003); Heisler v. Metro. Council, 339 F.3d 622, 632 (8th Cir. 2003) (dicta), Defendants have pointed to no overriding justification for adopting an order having no legal effect. Additionally, as this is the second time this matter is before this Court, this Court's journey to familiarization with the factual and legal issues presented in this case is unusually short. And even if a course is potentially teeming with waste,

that is an insufficient reason not to navigate it.  See, e.g., Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 581-82 (2004).

To be sure, the work of the state court judge, who was apparently not advised of the status of the removal, was an unfortunate waste of those judicial resources.  A goal of mitigating that harm by adopting what is a legal nullity, while seemingly reasonable, threatens a poor legal rule from case to case.  This Court concludes the state court order must be treated as a nullity, and the Defendants' Motion to Adopt must be denied.

### B.  Plaintiffs' Rule 1.904 Motion.

While Plaintiffs have sought leave to substitute the Revised Second Amended Petition with the Third Amended Petition, the basis of their argument is the same as that made in their Rule 1.904 motion.[3]  Specifically, Plaintiffs argue the state court erred by dismissing certain of their claims because they had made a motion seeking leave to amend "to correct any pleading deficiencies identified by the [state] Court."  Pl.s' Resistance to Mot. to Adopt, at 1, 3.  Plaintiffs' position is that before granting either of Defendants' motions to dismiss, the state court should have alerted Plaintiffs of deficiencies the state court happened to locate, and then grant Plaintiffs leave to amend before dismissing.  To the extent such a motion is pending, it is denied.  A court's function is not to advise a party how its pleadings are defective and then permit a

---

[3] Federal law governs proceedings after removal.  Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 438 (1974); see Fed. R. Civ. P. 81(c) ("These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal."); see also Willy v. Coastal Corp., 503 U.S. 131, 134-36 (1992) (classifying Rules 1 and 81(c) as "expansive," rendering Rule 11 sanctions appropriate in civil proceedings even if a district court wrongly retains jurisdiction following removal).  However, because the state court's Rule 1.904 Order has no legal effect, Plaintiffs' Rule 1.904 motion is still pending, rendering consideration of that motion by this Court is proper.

claim's rescue through amendment before the axe of dismissal falls; if a claim suffocates from a pleading error before drawing procedural breath, fault lies with the party.

The current version of Plaintiffs' Complaint is the Plaintiffs' Second Amended Petition filed on June 20, 2006, appearing as Docket Entry 24 in the parties' removal papers.  If Plaintiffs wish to amend that pleading, they must now proceed under the Federal Rules of Civil Procedure to do so.  Alternatively, they may file a motion under 28 U.S.C. § 1450 to "dissolve[] or modif[y]" the state court's June 15 order.  28 U.S.C. § 1450; see Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 435-37 (1974).

### III. Conclusion.

Defendants' Motion to Adopt (Clerk's No. 6) is **denied**.  To the extent a motion to amend premised on Iowa Rule of Civil Procedure 1.904 is cocooned in Plaintiffs' resistance, their motion is also **denied**.  The parties shall proceed as they deem warranted under Federal procedure.

**IT IS SO ORDERED.**

Dated this 22nd day of November, 2006.

JAMES E. GRITZNER, JUDGE
UNITED STATES DISTRICT COURT

8